UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| URIEL GARCIA,<br><br>   Plaintiff,<br><br> v.<br><br>K. POWELL, et al.,<br><br>   Defendants. | Case No. 1:22-cv-00730-EPG (PC)<br><br>ORDER FOR DEFENDANTS TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO KINGS COUNTY SUPERIOR COURT BECAUSE THIS COURT LACKS JURISDICTION<br><br>TWENTY-EIGHT-DAY DEADLINE |

   Uriel Garcia ("Plaintiff") is a state prisoner proceeding *pro se* in this action.

   On June 15, 2022, Defendants removed the case from Kings County Superior Court. (ECF No. 1). The basis for the removal was 28 U.S.C. § 1331 (ECF No. 1, p. 2), which states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." According to Defendants, Plaintiff is bringing claims pursuant to the Eighth and Fourteenth Amendments of the United States Constitution. (ECF No. 1, p. 2).

   However, it does not appear that Plaintiff is bringing any claims under the United States Constitution. It is true that Plaintiff's mentions a violation of the Eighth Amendment and the Fourteenth Amendment. (See, e.g., ECF No. 1-1, pgs. 5 & 8). However, Plaintiff does not actually bring any claims based on these alleged violations. Plaintiff lists eight separate claims, and for each, he says the claim is for general negligence. For example, even though Plaintiff

alleges that the conduct described violated the constitution, Plaintiff specifically states that he is bringing a "General Negligence Claim" under state law.  (ECF No. 1-1, p. 8).  He does not state that he is bringing a claim under the U.S. Constitution.  (Id.).  Moreover, on his cover sheet, Plaintiff states that he is bringing claims for "General Negligence" and "Professional Negligence."  (ECF No. 1-1, p. 4).  There is no indication that Plaintiff intended to bring a claim pursuant to the United States Constitution.  And, "the plaintiff is the master of his complaint and may avoid federal jurisdiction by relying exclusively on state law."  Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (citation and internal quotation marks omitted).

The attachments to Plaintiff's complaint support the conclusion that Plaintiff is not bringing any claims under the United States Constitution.  Plaintiff attaches portions of a decision from Judge Jennifer L. Thurston that informed Plaintiff he could bring a negligence claim in state court.  (ECF No. 1-1, pgs. 19-20).  In 2019, Plaintiff filed a case that included similar allegations.  Garcia v. Powell ("Garcia I"), E.D. CA, 1:19-cv-01631.  In that case, Plaintiff's federal claims were dismissed for failure to state a claim.  Garcia I, ECF Nos. 15 & 16.  However, the Court also noted that one set of Plaintiff's allegations may state a claim for negligence, but that "[t]he Court does not decide the matter.  Because Plaintiff does not state a cognizable claim under federal law, the Court does not exercise supplemental jurisdiction over a potential negligence claim under state law.  28 U.S.C. § 1367(a).  This does not preclude Plaintiff from pursuing a medical negligence claim in state court."  Garcia I, ECF No. 15, p. 6 & ECF No. 16.  Based on this language, the fact that Plaintiff's federal claims were previously dismissed for failure to state a claim, and the fact that Plaintiff attached this language to his complaint (ECF No. 1-1, p. 19), it appears that Plaintiff filed state law claims in state court.

Thus, it appears that Plaintiff did not bring any claims under the United States Constitution, and this Court lacks jurisdiction over this case.

\\\

\\\

\\\

Accordingly, based on the foregoing, IT IS ORDERED that Defendants have twenty-eight days from the date of service of this order to show cause why this case should not be remanded to Kings County Superior Court.

IT IS SO ORDERED.

Dated:  **June 16, 2022**                     /s/ Erica P. Grosjean
                                                            UNITED STATES MAGISTRATE JUDGE