UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| URIEL GARCIA,<br><br>   Plaintiff,<br><br> v.<br><br>K. POWELL, et al.,<br><br>   Defendants. | Case No. 1:22-cv-00730-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE REMANDED TO KINGS COUNTY SUPERIOR COURT<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

## I.   BACKGROUND

Uriel Garcia ("Plaintiff") is a state prisoner proceeding *pro se* in this action.

On June 15, 2022, Defendants removed the case from Kings County Superior Court. (ECF No. 1).  The basis for the removal was 28 U.S.C. § 1331 (ECF No. 1, p. 2), which states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  According to Defendants' notice of removal, Plaintiff is bringing claims pursuant to the Eighth and Fourteenth Amendments of the United States Constitution.  (ECF No. 1, p. 2).

As it appeared that Plaintiff did not bring any claims under the United States Constitution and that this Court thus lacks jurisdiction over this case, the Court ordered Defendants to show cause why this case should not be remanded to Kings County Superior

Court.  (ECF No. 5).  In doing so, the Court noted that Plaintiff previously filed a federal case that involved similar claims, and that Plaintiff's federal claims were dismissed for failure to state a claim.  (Id. at 2).

On July 14, 2022, Defendants filed their response to the order to show cause.  (ECF No. 8).  Defense counsel states that she spoke to Plaintiff, and that Plaintiff stated that he intended to file claims under the Eighth and Fourteenth amendment.  Defendants do not address Plaintiff's previous federal case.

The Court finds that Plaintiff is not bringing any claims under the United States Constitution in his complaint, and that even if he intended to, leave to amend would be futile because any such federal claims would be barred by *res judicata* and/or the prohibition against bringing duplicative claims.  As there are no federal claims, the Court finds that this case should be remanded to Kings County Superior Court.

## II.    REMAND

### a.    Legal Standards

Under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction."  District courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  The removal statute is strictly construed, and Defendants bear the burden of establishing grounds for removal.  Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32 (2002); Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).

As a threshold matter, courts "must consider whether federal jurisdiction exists, even if no objection is made to removal, and even if both parties stipulate to federal jurisdiction," Rains v. Criterion Systems, Inc., 80 F.3d 339, 342 (9th Cir. 1996) (citations omitted), and "federal jurisdiction 'must be rejected if there is any doubt as to the right of removal in the first instance,'" Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).

"The presence or absence of federal-question jurisdiction is governed by the well-

1  pleaded complaint rule, which provides that federal jurisdiction exists only when a federal

2  question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar,

3  Inc., v. Williams, 482 U.S. 386, 392 (1987) (citation and internal quotation marks

4  omitted).  "The rule makes the plaintiff the master of the claim; he or she may avoid federal

5  jurisdiction by exclusive reliance on state law." Id. (footnote omitted).

6                              b.   Analysis

7         Plaintiff's complaint does not assert any claims under the United States Constitution.

8  Plaintiff lists eight separate claims (one claim against each defendant), and for each claim, he

9  says the claim is for general negligence.  For example, Plaintiff specifically states that he is

10  bringing a "General Negligence Claim" under state law.  (Id. at 8).  Moreover, on his cover

11  sheet, Plaintiff states that he is bringing claims for "General Negligence" and "Professional

12  Negligence" (ECF No. 1-1, p. 4), which are governed by state law.  Thus, based on the face of

13  Plaintiff's complaint, Plaintiff is only bringing state law claims.

14        In their notice of removal, Defendants point to two instances in the complaint in which

15  Plaintiff mentions the Constitution.  (ECF No. 1, p. 2).  One instance was included in Plaintiff's

16  claim against defendant Powell, and one was included in Plaintiff's claim against defendant

17  Hurtado.  (ECF No. 1-1, pgs. 5 & 8).  In his claim against defendant Powell, which is for

18  general negligence, Plaintiff states that "Defendant Powells violation is the omission of an

19  official duty to administer care, an M.R.I or even the opinion of an experienced doctor; AN

20  EIGHTH AMENDMENT VIOLATION OF THE U.S. Constitution, A FELONY DUE TO

21  THE DEFENDANT POWELLS PRETENCE OF OFFICE….  Properly classified, Plaintiff

22  Garcia[']s allegation of GENERAL NEGLIGENCE against Defendant Powell, under state law

23  Title 28 U.S.C. 1367(a) [is] provable by the Majority Opinion of the United States Magistrate

24  Judge Jennifer L. Thurston…." (ECF No. 1-1, p. 5) (errors in original).[1]  In his claim against

25  defendant Hurtado, which is also for general negligence, Plaintiff states that "the Defendant

26  _____

27        [1] In the declaration filed in support of their response to the order to show cause, Defendants note this
reference to 28 U.S.C. § 1367(a) (ECF No. 8-1, p. 2), which deals with supplemental jurisdiction.   However, as

28  Plaintiff mentions a claim of general negligence and state law, the Court finds that this reference does not support
an inference that Plaintiff brought a claim under the Constitution.

1    Hurtados omission of his official duty to send Plaintiff to the urgent offsite hospital

2    appointment that day, was intentional delay of a prescribed surgery-a violation of the eighth

3    and fourteenth amendment to the U.S. Constitution, establishing CASE….  Therefore, Plaintiff

4    Garcia brings suit against Defendant Hurtado – with allegations of a General Negligence

5    Claim, pursuant to Cal. Code of Civil Procedure §425.10….”  (Id. at 8) (errors in original).

6    The fact that Plaintiff mentions constitutional amendments in his state law claims for general

7    negligence is not sufficient to show that Plaintiff is bringing federal claims.  Kripke v. Safeway,

8    Inc., 2018 WL 3491903, at *6 (N.D. Cal. July 20, 2018) (“[A] plaintiff's 'repeated references'

9    to federal law in his state law cause of action 'does not mean that [federal law] creates the

10   cause of action under which [plaintiff] sues.') (second and third alteration in original) (quoting

11   ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Montana, 213 F.3d

12   1108, 1113 (9th Cir. 2000)).

13           While not relied on by Defendants as a ground for removal, the Court also notes that, in

14   his general negligence claim against defendant Roberts, Plaintiff alleges that defendant Roberts

15   violated the Federal Tort Claims Act (“FTCA”).  (ECF No. 1-1, pgs. 15-16).  However,

16   Plaintiff does not bring a cause of action based on the FTCA, and as discussed above,

17   referencing a federal law in a state law cause of action is not sufficient to show that Plaintiff is

18   bringing federal claims.  Moreover, Plaintiff cannot bring an FTCA claim because Plaintiff

19   alleges that defendant Roberts is a state employee (id. at p. 3), and Plaintiff does not sue the

20   United States.  United States v. Orleans, 425 U.S. 807, 813 (1976) (“The Federal Tort Claims

21   Act is a limited waiver of sovereign immunity, making the Federal Government liable to the

22   same extent as a private party for certain torts of *federal* employees acting within the scope of

23   their employment.”) (emphasis added).

24           Accordingly, as Defendants have not met their burden of establishing grounds for

25   removal, the Court recommends that the case be remanded.

26           **III.    LEAVE TO AMEND**

27           Although Defendants represent that Plaintiff intended to include claims pursuant to the

28   federal Constitution, remand is still appropriate.  As stated above, Plaintiff's complaint does not

1  include such claims and leave to amend would be futile because any such claims by Plaintiff

2  pursuant to the Constitution would be barred by *res judicata* and/or as duplicative.

3              a.   <u>Legal Standards</u>

4                  i.   *Leave to Amend*

5      Courts "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P.

6  15(a)(2).  "[T]his policy is to be applied with extreme liberality."  <u>Morongo Band of Mission</u>

7  <u>Indians v. Rose</u>, 893 F.2d 1074, 1079 (9th Cir. 1990); <u>see also</u> <u>Waldrip v. Hall</u>, 548 F.3d 729,

8  732 (9th Cir. 2008).  "However, liberality in granting leave to amend is subject to several

9  limitations.  Those limitations include undue prejudice to the opposing party, bad faith by the

10  movant, futility, and undue delay."  <u>Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.</u>, 637

11  F.3d 1047, 1058 (9th Cir. 2011) (citations and internal quotation marks omitted); <u>see also</u>

12  <u>Waldrip</u>, 548 F.3d at 732.

13                 ii.   *Res Judicata*

14      "The preclusive effect of a judgment is defined by claim preclusion and issue

15  preclusion, which are collectively referred to as 'res judicata.'  Under the doctrine of claim

16  preclusion, a final judgment forecloses successive litigation of the very same claim, whether or

17  not relitigation of the claim raises the same issues as the earlier suit.  Issue preclusion, in

18  contrast, bars successive litigation of an issue of fact or law actually litigated and resolved in a

19  valid court determination essential to the prior judgment, even if the issue recurs in the context

20  of a different claim.  By preclud[ing] parties from contesting matters that they have had a full

21  and fair opportunity to litigate, these two doctrines protect against the expense and vexation

22  attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial

23  action by minimizing the possibility of inconsistent decisions."  <u>Taylor v. Sturgell</u>, 553 U.S.

24  880, 892 (2008) (alterations in original) (footnote omitted) (citations and internal quotation

25  marks omitted).

26      "The elements necessary to establish [claim preclusion] are: '(1) an identity of claims,

27  (2) a final judgment on the merits, and (3) privity between parties.'"  <u>Headwaters Inc. v. U.S.</u>

28  <u>Forest Serv.</u>, 399 F.3d 1047, 1052 (9th Cir. 2005) (quoting <u>Tahoe-Sierra Pres. Council, Inc. v.</u>

Tahoe Reg'l Planning Agency, 322 F.2d 1064, 1077 (9th Cir. 2003)).  "[T]he doctrine of *res judicata* (or claim preclusion) 'bar(s) all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties ... on the same cause of action.'"  Costantini v. Trans World Airlines, 681 F.2d 1199, 1201 (9th Cir. 1982) (quoting Ross v. IBEW, 634 F.2d 453, 457 (9th Cir. 1980).

### iii.  *Duplicative*

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'"  Adams v. California Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007) (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977)), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008).

"To determine whether a suit is duplicative, we borrow from the test for claim preclusion."  Adams, 497 F.3d at 688.  "'[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit.'"  Id. (second alteration in original) (quoting The Haytian Republic, 154 U.S. 118, 124 (1894)).  "Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties … to the action, are the same."  Adams, 497 F.3d at 689.  See also Serlin v. Arthur Anderson & Co., 3 F.3d 221, 223 (7th Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions.") (citation and internal quotation marks omitted).

### b.  Plaintiff's Prior Case

On November 15, 2019, Plaintiff filed Garcia v. Powell ("Garcia I"), E.D. CA, 1:19-cv-01631.  In his Second Amended Complaint in that case, Plaintiff sued defendants Powell, Kokor, Hurtado, Ugwueze, and Swafford, id. at ECF No. 11, who are also the defendants in

1    this case.[2]  Plaintiff's complaint was screened, and the assigned magistrate judge provided the

2    following summary:

3         Plaintiff alleges that he injured his finger during the first week of January 2019.
          (Doc. 11 at 3.) Though he showed his finger to Nurse Powell on multiple
4         occasions, she only provided him bandages to wrap it and told him he would be
          fine. (*Id.*) On January 22, 2019, Plaintiff saw Dr. Kokor, who issued an "urgent
5         medical treatment order." (*Id.*) Thereafter, Plaintiff saw Nurse Hurtado via
          telemedicine videoconference, who diagnosed Plaintiff with a fractured finger.
6         (*Id.* at 4.) Plaintiff states that he was not scheduled for surgery at that time and
          instead "sent back to his cell to suffer." (*Id.* at 4-5.) Plaintiff saw Nurse Hurtado
7         again on February 20, 2019. (Id. at 5.) At that time, either Nurse Hurtado or
          Chief Medical Executive Godwin scheduled Plaintiff for corrective surgery on
8         February 27, 2019. (*See id.* at 3-4, 5.) Plaintiff alleges these defendants violated
          state regulations by not scheduling the surgery within three days of Dr. Kokor's
9         order on January 22. (*Id.* at 3, 5.)

10

11        Dr. Swafford performed corrective surgery on Plaintiff's finger on February 27,
          2019. (*Id.* at 6.) Plaintiff states that the surgery caused him "nerve damage from
12        [his] hand up to his neck" and left his finger "crooked." (*Id.*) Plaintiff alleges Dr.
          Swafford damaged both the previously injured finger as well as the "small finger
13        next to it." (Id. at 6-7.) Nevertheless, Plaintiff continues to be returned to the
          "malpracticing surgeon." (*Id.* at 8.)
14

15   Garcia I, ECF No. 15, p. 3.

16        The Court then analyzed Plaintiff's Eighth Amendment claim for inadequate medical

17   care, found that Plaintiff failed to state a cognizable federal claim, found that further leave to

18   amend would be futile, and dismissed Plaintiff's case.  Id. at ECF No. 15 & ECF No. 17, p. 2.

19   The Court also noted that Plaintiff was "not preclude[d] [] from pursuing a state-law claim of

20   negligence in state court."  Id. at ECF No. 15, p. 6 n.2 & ECF No. 17, p. 2.  Plaintiff appealed

21   (ECF No. 19), and the appeal is pending.

22                    c.   Analysis

23        As analyzed above, Plaintiff's complaint does not assert federal claims on the face of

24   the complaint.  Moreover, even if Plaintiff intended to bring claims pursuant to the Constitution

25   against defendants Powell and Hurtado, as Defendants represent in their response to the order

26

27   _____

28        [2] Plaintiff also includes additional defendants in this case, but as discussed below, the addition of
     defendants has no bearing on the analysis.

to show cause (ECF No. 8, pgs. 1-2; see also ECF No. 1, p. 2), the Court sees no reason to allow Plaintiff to file an amended complaint to assert such claims because they would be barred by *res judicata* and/or as duplicative.

As mentioned above, Defendants point to two instances in which Plaintiff mentions the Constitution (ECF No. 1, p. 2), one in Plaintiff's claim against defendant Powell and one was in Plaintiff's claim against defendant Hurtado.  (ECF No. 1-1, pgs. 5 & 8).  However, Plaintiff's current claims against these defendants are based on the same set of facts, and includes the same defendants, as Garcia I.[3]  Plaintiff once again alleges that he injured his finger, that he showed it to defendant Powell on multiple occasions, that defendant Kokor issued an urgent order for medical treatment, that the order was modified by defendant Hurtado and defendant Ugwueze, and that defendant Swafford performed the surgery negligently.

For example, as to defendant Powell, in this case Plaintiff similarly alleges that on "January 1, 2019, Plaintiff Garcia broke his right hands fourth finger, and went to Corcoran Prisons E Yard Clinic and revealed it to the Defendant-Registered Nurse Powell, who gave Plaintiff Garcia a cloth to wrap his broken finger in.  Defendant Powell turned Plaintiff away each time Plaintiff returned to the clinic to complain about his broken, swollen, discolored finger.  Defendant Powell told Plaintiff that his injury was nothing serious."  (ECF No. 1-1, p. 5) (errors in original).  In his previous case, Plaintiff alleged that "[w]ithin the first week of January-2019, Plaintiff Garcia had broken his finger.  For approximately 3 weeks he showed his broken finger to Registered Nurse Kayleen Powell, who repeatedly told him 'It's nothing. You'll be fine,' giving the Plaintiff Garcia ace bandages to wrap his broken finger in."  Garcia 1, ECF No. 11, p. 3 (errors in original).

As another example, as to defendant Hurtado, in this case Plaintiff alleges that on January 22, 2019, defendant Kokor received a medical request slip related to the injury to Plaintiff's finger, and defendant Kokor wrote an urgent offsite order for Plaintiff to be taken to

---

[3] Plaintiff also includes additional defendants, but as discussed above, Plaintiff only alleges that defendant Powell and defendant Hurtado violated the Constitution.  There is no indication that Plaintiff is attempting to bring a claim under the Constitution against any other defendant.

1  a hospital within three days.  (ECF No. 1-1, p. 6).  However, "the offsite order was modified by

2  Defendant [Ugwueze] and Defendant Huratado … the order was changed from 1-22-2019 to 2-

3  27-2019…."  (Id. at p. 7).

4      In his previous case, Plaintiff similarly alleged that defendant Kokor wrote an urgent

5  medical treatment order on January 22, 2019.  Garcia 1, ECF No. 11, p. 3.  Pursuant to

6  applicable rules and regulations, an urgent care order requires treatment of a patient within

7  three days.  (Id.).  However, when Plaintiff saw defendant Hurtado after defendant Kokor wrote

8  the urgent medical treatment order, Plaintiff "was not transported to an Offsite Hospital for

9  surgery on his broken finger that day, so Plaintiff Garcia was sent back to his cell to suffer until

10  Dr. Kokor wrote another URGENT OFFSITE MEDICAL TREATMENT ORDER."  Id. at 4-5.

11  Plaintiff saw defendant Hurtado again on February 20, 2019, and she wrote a report noting that

12  the injury was marked as priority urgent, but she did not schedule the procedure until February

13  27, 2019.  Id. at 5.  Plaintiff alleges that defendant Hurtado's failure to schedule the surgery

14  within three days of defendant Kokor's first urgent medical treatment order violated Plaintiff's

15  right to adequate healthcare.  Id.

16      While there may be some additional or slightly different factual allegations, Plaintiff's

17  allegations against defendants Powell and Hurtado are[4] based on the same facts as his previous

18  lawsuit in Garcia I.  Moreover, Plaintiff's federal claims in Garcia I were dismissed without

19  leave to amend for failure to state a claim, and Plaintiff's appeal is pending.  Therefore, any

20  federal claims against defendant Powell and Hurtado based on constitutionally inadequate

21  medical care related to these facts would be barred by the doctrine of *res judicata* and/or as

22  duplicative, and thus leave to amend to allow Plaintiff to assert these claims would be futile.[5]

23  \\\

24  \\\

25

26  [4] In this case Plaintiff mentions the Fourteenth Amendment in addition to the Eighth Amendment, but there is no indication that Plaintiff, a state prisoner, is asserting a separate Fourteenth Amendment claim for

27  inadequate medical care, and the Court is aware of no such claim.

[5] As there is no indication that Plaintiff is bringing, or attempting to bring, a claim under the Constitution

28  against any other defendant, the Court need not determine whether any other federal claims would also be barred by *res judicata* or as duplicative.

**IV.  CONCLUSION, RECOMMENDATIONS, AND ORDER**

The Court finds that Plaintiff's complaint does not assert any claims under the United States Constitution in his complaint, and that he cannot bring claims pursuant to the Constitution against defendants Powell and Hurtado because any such claims would be barred by *res judicata* and/or as duplicative.  Accordingly, the Court HEREBY RECOMMENDS that:

1.  This action be remanded to Kings County Superior Court; and

2.  The Clerk of Court be directed to close the case and serve notice of the remand.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated:  __**July 20, 2022**__                    /s/ _Erica P. Grosjean_
                                   UNITED STATES MAGISTRATE JUDGE