UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| URIEL GARCIA,<br><br>                    Plaintiff,<br><br>          v.<br><br>K. POWELL, et al.,<br><br>                    Defendants. | No. 1:22-cv-00730-AWI-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND, WITHOUT PREJUDICE<br><br>ORDER REMANDING CASE TO KINGS COUNTY SUPERIOR COURT<br><br>ORDER DIRECTING CLERK TO TAKE THE NECESSARY ACTION TO REMAND THIS CASE TO KINGS COUNTY SUPERIOR COURT AND TO CLOSE THE CASE<br><br>(ECF Nos. 11, 18, & 19) |

Uriel Garcia ("Plaintiff") is a state prisoner proceeding *pro se* in this action. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 20, 2022, the assigned magistrate judge entered findings and recommendations, recommending that "[t]his action be remanded to Kings County Superior Court," and that "[t]he Clerk of Court be directed to close the case and serve notice of the remand." (ECF No. 11, p. 10).

Plaintiff was provided an opportunity to file objections to the findings and recommendations. On October 31, 2022, Plaintiff filed objections to the findings and recommendations, a motion for leave to amend, and a proposed Second Amended Complaint. (ECF Nos. 18, 19, & 21).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and proper analysis.

Plaintiff alleges, in a conclusory fashion, that his complaint included federal claims and thus this case should not be remanded. However, instead of pointing the Court to the federal claims allegedly included in his current complaint (which Plaintiff admits alleges that Defendants were negligent (ECF No. 18, p. 2)), Plaintiff refers the Court to a proposed Second Amended Complaint ("SAC"). For purposes of remand, this is improper. See Emeldi v. University of Or., 673 F.3d 1218, 1230 (9t h Cir. 2012) ("The propriety of removal is determined solely on the basis of the pleadings in state court."); see also Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996) ("[F]ederal jurisdiction 'must be rejected if there is any doubt as to the right of removal in the first instance.'") (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). Moreover, the Court has reviewed the proposed SAC, and it does not in any way show that Plaintiff's current complaint included federal claims. Instead, it appears to be largely based on new factual allegations.

As the Court finds that this case must be remanded to state court pursuant to 28 U.S.C. § 1447(c) because it lacks subject matter jurisdiction, see Bruns v. NCUA, 122 F.3d 1251, 1257 (9th Cir. 1997), the Court will deny Plaintiff's motion for leave to amend, without prejudice.

Accordingly, IT IS ORDERED that:

1. The findings and recommendations issued on July 20, 2022, are adopted in full;
2. Plaintiff's motion for leave to amend is denied, without prejudice;[1]
3. This action is remanded to Kings County Superior Court; and
4. The Clerk of Court take the necessary action to remand this case to Kings County Superior Court and to close the case.

IT IS SO ORDERED.

Dated:   January 12, 2023                    _____
                                             SENIOR DISTRICT JUDGE

---

[1] Nothing in this order prevents Plaintiff from moving to amend his complaint in state court.