UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| URIEL GARCIA,<br><br>         Plaintiff,<br><br>    v.<br><br>K. POWELL, et al.,<br><br>         Defendants. | Case No. 1:22-cv-00730-JLT-EPG (PC)<br><br>ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION<br><br>(Doc. 23) |

On January 12, 2023, the Court adopted findings and recommendations to remand this action for lack of subject matter jurisdiction because the removed complaint stated only claims for "general negligence." (Docs. 11, 22.) The Court rejected Plaintiff's attempt to demonstrate the existence of federal causes of action by way of referencing a proposed amended complaint, concluding that the proposed amended complaint "does not in any way show that Plaintiff's [then operative] complaint included federal claims. Instead, it appears to be largely based on new factual allegations." (Doc. 22 at 2.) The Court remanded the action to Kings County Superior Court and directed the Clerk of Court to "take the necessary action to remand this case to Kings County Superior Court and to close the case." (Doc. 22.)

On May 5, 2023, Defendants filed a motion for reconsideration under Local Rule 230(j). (Doc. 23.) Defendants ask for reconsideration because one of the bases for the remand decision articulated in the findings and recommendations was that "even if [Plaintiff] intended to [bring

1

federal claims], leave to amend would be futile because any such federal claims would be barred by res judicata and/or the prohibition against bringing duplicative claims," (Doc. 11 at 2.) This was because—at least at that time—Plaintiff had already pursued similar claims in *Garcia v. Powell* ("*Garcia I*"), 1:19-cv-01631-ADA-CDB (PC), which had been dismissed for failure to state a claim. (Doc. 11 at 6–7.) However, as Defendants point out in their motion for reconsideration, the Ninth Circuit recently reversed the district court's judgment in *Garcia I* and remanded for further proceedings. (*See* Doc. 23-1 at 2; *Garcia I*, Doc. No. 13.) Based on this new fact, which was not available at the time the case was remanded, Defendants argue that the Court should reconsider its remand order in this case. (*Id.* at 5–6.) Defendants contend reconsideration is warranted in part because "[h]aving two nearly identical cases has the potential to result in inconsistent findings and a waste of judicial resources." (*Id.* at 5).

Though Defendants argue why the remand order should be reconsidered, Defendants do not make any arguments regarding the Court's authority to reconsider a remand order where the Court found that it lacked subject matter jurisdiction. Courts have held that, at least in the present situation, a remand order may not be reconsidered. *See, e.g., Seedman v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988) ("Once a district court certifies a remand order to state court [based on 28 U.S.C. § 1447(c) it is divested of jurisdiction and can take no further action on the case."); *Hender v. Am. Directions Workforce LLC*, 2021 WL 2577030, at *1 (E.D. Cal. June 23, 2021) ("The district court generally may not review or reconsider remands for lack of subject matter jurisdiction."); 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise."). Accordingly, based on the foregoing, the Court **ORDERS** that Defendants' motion for reconsideration (Doc. 22) is **DENIED**.

IT IS SO ORDERED.

Dated:   **May 26, 2023**

UNITED STATES DISTRICT JUDGE

2